UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FEEL BETTER KIDS, INC. and FBK,

                            Plaintiffs,                **ORDER**

  -against-                                        06 CV 23 (DRH) (AKT)

KIDS IN NEED, INC., KIDS IN NEED USA,
INC., CARS THAT HELP, INC., AUTO
GOBBLER PARTS, INC., JOHN DOE
COMPANIES fictitious names for presently
unidentified entities more fully described
hereinbelow, ARTHUR GLASS, in his official
capacity as President of Kids In Need, Inc.,
ARTHUR GLASS, in his official capacity as
President of Kids in Need USA, Inc., ARTHUR
GLASS, in his official capacity as President of Cars
That Help, Inc., and
ARTHUR GLASS, individually,

                            Defendants.
-----------------------------------------------------------X

**HURLEY, Senior District Judge:**

      Plaintiffs Feel Better Kids, Inc. and FBK ("plaintiffs") commenced this trademark infringement action against defendants Kids in Need, Inc., Kids in Need USA, Inc. (together, "Kids In Need"), Cars That Help, Inc. ("Cars That Help"), and Arthur Glass ("Glass") both individually and in his official capacities as president of Kids In Need and Cars That Help (collectively, the "Glass Defendants"). Auto Gobbler Parts, Inc. ("Auto Gobbler") was also named as a defendant. The Glass Defendants initially appeared through counsel, but never filed an Answer or otherwise responded to the Complaint. Auto Gobbler has not made any formal appearance to date, although the Court has received a letter from Attorney John G. Serpico, dated June 5, 2008, in which he states that he represents Auto Gobbler and requests a pre-motion conference in anticipation of moving to dismiss the Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6).

On April 16, 2007, plaintiffs moved for a default judgment as against all defendants. Only the Glass Defendants filed opposition papers. This Court held a telephone conference on November 13, 2007 with counsel for plaintiffs and counsel for the Glass Defendants. In a written Order issued following the telephone conference, the Court concluded "that plaintiffs' Complaint, which is file stamped by the Clerk of the Court on January 4, 2006, is deemed filed as of that date." (Nov. 13, 2007 Order at 1.)[1] In the Order, the Court acknowledged the Glass Defendants' argument that they had never been served with the Complaint, but determined that their opposition papers were "insufficient to rebut plaintiffs' process server's affidavits of service." (*Id.*) However, the Court afforded the Glass Defendants an opportunity to supplement their papers in opposition to plaintiffs' default motion, and directed that such opposition papers specifically address the service issue. (*Id.*) Thereafter, the Court referred the matter to Magistrate Judge A. Kathleen Tomlinson "to report and recommend on plaintiffs' motion for a default judgment and to conduct a hearing on service if she deems it necessary." (*Id.* at 2.)

On August 28, 2012, Judge Tomlinson issued a Report and Recommendation that plaintiffs "are entitled to a default judgment against the Glass Defendants on the claims that are properly alleged in the Complaint," to wit: (1) Count I (trademark infringement under the Lanham Act), (2) Count II (false designation of origin under the Lanham Act), (3) Count IV (false advertising under the Lanham Act), and (4) Count VII (common law trademark infringement). Judge Tomlinson further recommended that plaintiffs are "entitled to a default

---

[1] Although the Complaint was file stamped on January 4, 2006, it was not entered on the EDNY's electronic docketing system until June 15, 2007.

judgment on Count VIII (breach of contract) against Defendants Kids In Need and Cars That Help." (R&R at 21.) As to defendant Auto Gobbler, Judge Tomlinson recommended that plaintiffs' motion for default judgment be denied based upon plaintiffs' failure to "demonstrate that the uncontested allegations [in the Complaint] actually set forth valid claims against Auto Gobbler," (*id.* at 22), and because "the prejudice to Plaintiffs is minimal under the circumstances because even if the motion [for default judgment] is denied, Plaintiffs will likely be unable to recover from Auto Gobbler since they have failed to state a viable claim against that Defendant" (*id.* at 23).

The Glass Defendants were electronically served with a copy of the Report and Recommendation on August 28, 2012, the date it was issued. More than fourteen days have elapsed since the Glass Defendants were served with the Report and Recommendation, and neither plaintiffs nor the Glass Defendants have filed any objections thereto.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result. Accordingly, the Court adopts Judge Tomlinson's August 28, 2012 Report and Recommendation as to the Glass Defendants as if set forth herein. As Judge Tomlinson noted in the Report and Recommendation, "an inquest is needed to give Plaintiffs the opportunity to present proof of their damages." (R&R at 24.) Thus, this matter is hereby respectfully referred to Judge Tomlinson pursuant to 28 U.S.C. Section 636(b)(3) for an inquest on damages and attorneys' fees, if appropriate, and it is further ordered that the scope of the foregoing reference shall be deemed to encompass such additional authority as reasonable or necessary to perform the foregoing duties and as is not inconsistent with the Constitution and

3

laws of the United States.

With respect to Auto Gobbler, it appears that it was never served with a copy of the Report and Recommendation. Although both Judge Tomlinson (*see* R&R at 25) and this Court (*see* Sept. 4, 2012 Elec. Order) explicitly directed plaintiffs to serve a copy of the Report and Recommendation upon all defendants, plaintiffs have failed to comply with these directives. Moreover, because Auto Gobbler has yet to formally appear by counsel in this action, it was not electronically served with a copy of the Report and Recommendation on the date of its issuance. Nonetheless, Judge Tomlinson's recommendation that plaintiffs' motion for default judgment be denied as to Auto Gobbler is hereby adopted. Not only has the Court found no clear error in Judge Tomlinson's recommendation, Auto Gobbler will suffer no discernable prejudice as a result of this Court's adoption of the Report and Recommendation.

As noted above, by letter dated June 5, 2008, Attorney John G. Serpico requested a pre-motion conference on behalf of Auto Gobbler in anticipation of moving to dismiss the Complaint pursuant to Rule 12(b)(6). In the Report and Recommendation, Judge Tomlinson reviewed each claim made in the Complaint against Auto Gobbler, and concluded that they were all inadequately pled. (*See* R&R at 22-23.) As noted above, plaintiffs have not raised any objections to Judge Tomlinson's findings, and the Court, having found no clear error as to these findings, adopts them as if set forth herein. Thus, it is hereby

ORDERED, that plaintiffs show cause, via a written submission filed on ECF on or before November 12, 2012, why their Complaint should not be dismissed with prejudice as to defendant Auto Gobbler Parts, Inc. Any failure by plaintiffs to file a written response will result in the dismissal of their claims against Auto Gobbler Parts, Inc. with prejudice.

Counsel for plaintiffs is directed to serve a copy of this Order upon defendant Auto Gobbler Parts, Inc. forthwith and to file proof of service on ECF.

**SO ORDERED.**

Dated: Central Islip, New York
September 27, 2012

/s/
Denis R. Hurley
Unites States District Judge